IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEARIQ BHATTI | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| J.P. MORGAN CHASE, a Delaware Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## THE PARTIES

1. The plaintiff, Teariq Bhatti, hereinafter referred to as "plaintiff" is a citizen of the State of Delaware.

2. The defendant, J.P. Morgan Chase, hereinafter referred to as "defendant" is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is The Bank of New York (Delaware), White Clay Center, Route 273, Newark, Delaware 19711.

## JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§1331 and 1343, in that the matter in controversy arise under the laws of the United States of America.

4. This action is brought pursuant to the provisions of the "Age Discrimination Employment Act of 1967", as amended, 29 U.S.C. §621, et.seq, and Title VII of the "Civil Rights Act of 1964," 42 U.S.C. §2000e, et.seq. as amended by the "Civil Rights Act of 1991", §704 of Title VII.

5. Accordingly, has jurisdiction over the Title VII matter pursuant to the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

6. This Court also has supplemental jurisdiction to hear matters arising under the Laws of the State of Delaware, pursuant to 28 U.S.C. §1367.

7. Venue in this Court is proper under the provisions of 28 U.S.C. §1391(b), since the events which gave rise to the plaintiff's claims took place within the State of Delaware.

## EXHAUSTON OF REMEDIES

8. Prior to the filing of this action, the plaintiff filed a timely charge of national origin discrimination, attached hereto as Exhibit No. 1, simultaneously with the Delaware Department of Labor and Equal Employment Opportunity Commission on or about May 19, 2004, alleging discriminatory conduct.

9. Subsequently, on July 14, 2005 the Delaware Department of Labor issued to the plaintiff a "Final Determination and Right to Sue Notice" a copy of which is attached hereto as Exhibit No. 2.

## FACTS

10. The plaintiff is a foreign born, naturalized American citizen, having been born in Pakistan, and is of Asian ancestry, on September 14, 1942, with the result that all times relevant herein, he was over the age of 40.

11. The plaintiff has a college education with a combined Bachelor's Degree in Mathematics and Physics.

12. The plaintiff began his employment with the defendant in June 1981, and continued to be employed by them until January 2002, with his last position being "Manager of Foreign Exchange Processing Group".

13. In 2002 the plaintiff's department relocated to England, and the plaintiff was laid off due to job elimination.

14. After being laid off, the plaintiff continued to work as a private banking fee processing specialist for the defendant, having been provided employment through an employment agency, Integrity Staffing.

15. Beginning with his employment with Integrity Staffing, in 2002, up and through April 12, 2004, the plaintiff regularly and continually applied for numerous positions with the defendant, all such positions had been advertised and made known as being open and available for new hires.

16. Despite the plaintiff's numerous applications for employment with the defendant, he was never hired, although he was qualified for many if not all of the positions, for which he applied.

17. During the period of time when the plaintiff was applying for positions with the defendant, the defendant was hiring many other individuals, including all of the employees who had previously reported directly to plaintiff, and acted as managers in the department that he supervised, most of which, if not all, were either hired or retained by defendant, were mostly Native Americans, Caucasion, and substantially younger than the plaintiff

18. As a direct and proximate result of the discrimination of the defendant, the plaintiff has lost, and in the future will continue to lose income and suffer damage to his earning capacity.

## COUNT I
### (Discrimination under 29 U.S.C. §621 et.seq.)

19. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 18.

20. The actions of the defendant in refusing to offer employment to the plaintiff, and to rehire the plaintiff, was a result of discrimination based upon the plaintiff's age, in violation of 29 U.S.C. §621 et.seq.

## COUNT II
### (Discrimination Under 19 Del.C. §711)

21. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 20.

22. As a direct and proximate result of the conduct of the defendant described herein, the plaintiff has suffered and continues to suffer great pain, suffering, and mental anguish, and has been forced expend sums of money for treatment as a result of the defendant's conduct.

23. The actions of the defendant, as described herein are in violation of the provisions of 19 Del.C. §711 et.seq.

WHEREFORE, the plaintiff requests this Court to:

a. Enter a judgment against the defendant.

b. Enter a declaratory judgment stating that the actions of the defendant are in violation of the plaintiff's rights.

c. Enter a judgment against the defendant for compensatory damages, including lost wages.

  d.  Enter a judgment against the defendant for liquidated damages as provided by 29 U.S.C. §621 et.seq.

  e.  Enter a judgment against the defendant including damages for the plaintiff's pain, suffering, humiliation, embarrassment, and expenses for treatment of those conditions, and any other personal injuries.

  d.  Enter injunctive relief directing that the defendant take appropriate actions to cease all discriminatory and harassing conduct towards the plaintiff.

  e.  Award the plaintiff the cost, interest, and attorney fees for this lawsuit.

  f.  Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: 9/20/05

# EXHIBIT 1

# CHARGE OF DISCRIMINATION
This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER

☐ FEPA
☐ EEOC

**Delaware Department of Labor** and EEOC
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms): Tariq Bhatti | **HOME TELEPHONE NO.** (Include Area Code): (302) 235-2489 |
| **STREET ADDRESS:** 446 Valley Brook Drive | **CITY, STATE AND ZIP CODE:** Hockessin DE 19707  **COUNTY:** NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| | | |
|---|---|---|
| **NAME:** JP Morgan Chase | **NO. OF EMPLOYEES OR MEMBERS:** 50+ | **TELEPHONE NUMBER** (Incl. Area Code): (302) 634-1000 |
| **STREET ADDRESS:** 500 Stanton Christiana Road | **CITY, STATE AND ZIP CODE:** Newark, DE | |

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN ☒ AGE
☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/8/2004
LATEST 4/8/2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am an Asian male (over 40) who sought employment with Respondent on 4/8/04 as a Private Banking Fee Processing Specialist. I was introduced to Respondent by Integrity Staffing. Since 2002, I have have applied for several positions with Respondent and consequently was denied most recently on 4/12/04. Integrity Staffing informed me on 4/12/04 that Andrea Hodge, Hiring Manager stated that I was denied the assignment because I had a lack of leadership skills. With over 15 years of operations processing experience and my previous attempts to seek employment with Respondent, I was astonished to learn that I had a lack of leadership skills since I was referred by the agency. In addition, I was previously employed with Respondent from 6/81 until 1/02 as a Manager of Foreign Exchange Processing Group. After my department relocated to England, I was laid off due to job elimination. I am surprised that I have been continously declined a job by a department where some of my previous direct reports and my manager who are mostly white and under 40, have been retained with Respondent. Which further leads me to believe that Respondent refused me the opportunity as a pre-text of age/race iscrimination

Respondent denied me the opportunity of employment for a position that I have experience in and am qualified for.

I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Delaware Discrimination in Employment Act and the Age Discrimination in Employment Act based on my national origin (Pakistan), my age (over 40), and my race (Asian) because: 1. Respondent did not hire me for lack of leadership skills as a pre-text to discrimination; 2. Respondent has demonstrated a pattern of hiring candidates who are younger than 40 in the position that I applied for; 3. Respondent has denied hiring me since 2002, for positions that I am qualified for; 4. Respondent has demonstrated a pattern of hiring whites and persons with American origin for the positions that I previously and most recently applied for.

☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/19/04  Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date (Day, month, and year)

EEOC FORM 5 REV 6/92   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT 2

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

Mr. Tariq Bhatti
446 Valley Brook Dr.
Hockessin, DE 19707
vs.
JP Morgan Chase
Attn: Michelle R. Brown
VP Employee Relations
200 White Clay Center 1st Floor
Newark, DE 19711

Case #: 04050466

JUL 2 1 2005

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*
In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Thomas J. Smith. Please be prepared to appear for conciliation on the following date and time Wednesday, June 22nd at 9am at the location of the Delaware Department of Labor 4425 N. Market St. Wilmington, DE 19802.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:
Requests for information from the Respondent yielded data that tended to corroborate the Charging Party's contention that he was discriminated against because of his age. Within the pool of successful applicants for positions the Charging Party applied for, the bulk were all substantially younger than him. Further, the reason the Respondent gave for not hiring the Charging Party for one of the positions he applied for was that he lacked leadership experience. The Charging Party worked for the Respondent for over 15 years most of this time in supervisory positions. His evaluations through the tenure of his employment indicated that 'leadership' was one of his stronger evaluated dimensions. The Respondent also indicated in their position statement as well as requests for additional information they do not maintain data on the National Origin of their employees. However, in their position statement and in later submissions, they insist one of the positions the Charging Party applied for was filled by an Asian individual, over forty and not of US origin. Further, the Charging Party presented documents that the Respondent continues to solicit his resume for open positions they believe him to be qualified for. Regardless, the Respondent has characterized the Charging Party's responses to their solicitations as random and haphazard. Every time he has applied for a position, he is rejected as being unqualified.
This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit. See the attached Notice of Rights.

5/31/05
Date issued

Julie K. Cutler, Administrator

7/14/05
Date conciliation completed

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*
DOL Form C-12RC : 12/04