IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARIQ BHATTI, | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 05-690 KAJ |
| J.P. MORGAN CHASE, a Delaware corporation, | ) |
|         Defendant. | ) |

**DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 576-3345; (302) 576-3286
bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant

DATED: December 15, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ........................ 1

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

    I.   COUNT II MUST BE DISMISSED BECAUSE BHATTI MAY PURSUE HIS STATE LAW DISCRIMINATION CLAIMS ONLY IN THE SUPERIOR COURT OF THE STATE OF DELAWARE. ............................................................. 4

    II.  THE STATUTE OF LIMITATIONS BARS CLAIMS FOR REFUSALS TO HIRE OF WHICH BHATTI WAS AWARE BEFORE JULY 24, 2003. .................... 6

CONCLUSION ......................................................................................................................... 9

DB02:5111297 1                                                                                                                                            058653 1004

# TABLE OF AUTHORITIES

**Cases**

*ALA, Inc. v. CCAIR, Inc.*,
  29 F.3d 855 (3d Cir. 1994) ............................................................................................. 4

*Baxter v. Vigo County School Corp.*,
  26 F.3d 728 (7th Cir. 1994) ........................................................................................... 4

*In re Burlington Coat Factory Secs. Litig.*
  114 F.3d 1410 (3d Cir. 1997) ......................................................................................... 6

*National Railroad Passenger Corp. v. Morgan*,
  536 U.S. 101 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ..................................................... 7

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
  38 F.3d 1380 (3d Cir. 1994) ........................................................................................... 6

*Pension Benefit Guaranty Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042,
  126 L. Ed.2d 655, 114 S. Ct. 687 (1994) ........................................................................ 6

*Robinson v. Dalton*,
  107 F.3d 1018 (3d Cir. 1997) ......................................................................................... 6

*Rogers v. Exxon Research & Engineering Co.*,
  550 F.2d 834 (3d Cir. 1977) ........................................................................................... 6

*Shuster v. Derocili*,
  775 A.2d 1029 (Del. 2001) ............................................................................................ 4

*Wehr v. Burroughs Corp.*,
  619 F.2d 276 (3d Cir. 1980) ........................................................................................... 6

**Other Authorities**

Delaware Discrimination in Employment Act, 19 *Del. C.* §§ 710-718 ............................... 1, 2, 5

Civil Rights Act of 1964,
  42 U.S.C. §§ 2000e *et seq.* ........................................................................................ 5, 7

Age Discrimination in Employment Act of 1967,
  29 U.S.C. §§ 621-634 ............................................................................................. 1, 6, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 6

## STATEMENT OF THE NATURE AND
## STAGE OF THE PROCEEDINGS

This action by Tariq Bhatti ("Bhatti"), filed on September 20, 2005, alleges that defendant J.P. Morgan Chase ("JPMC") refused to rehire Bhatti because of his unlawful discrimination based on and other protected characteristics. Complaint, ¶¶ 17, 18, 20 (Docket Item 1). Bhatti had retired in January 2002 after working for JPMC for twenty years. Count I of the Amended Complaint asserts a claim of age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). Count II asserts unspecified claims of discrimination under the Delaware Discrimination in Employment Act, 19 *Del. C.* §§ 710-718 ("DDEA").

Bhatti filed an Amended Complaint on October 11, 2005. Docket Item 3. On November 15, 2005, JPMC filed its answer to the Amended Complaint and a Motion to Dismiss. Docket Items 7 and 8. On November 18, 2005, the parties filed a stipulated briefing schedule, which the Court approved on November 21, 2005. Docket Item 9. Pursuant to the briefing schedule, JPMC now files its opening brief in support of its motion to dismiss.

## SUMMARY OF ARGUMENT

1. This Court does not have jurisdiction over Bhatti's state law discrimination claims, since, according to the DDEA, all such claims must be brought in Superior Court.

2. Bhatti may not obtain relief under the ADEA with regard to hiring decisions made more than 300 days before he filed his discrimination charge.

## STATEMENT OF FACTS

According to the facts alleged in the Complaint, Plaintiff Tariq Bhatti was born in Pakistan on September 14, 1942, is of Asian ancestry, and is a naturalized American citizen. Amended Complaint, ¶ 10. On June 22, 1982, Bhatti began working for JPMC. Amended Complaint, ¶ 12. In 2002, Bhatti's department relocated to England, and Bhatti was laid off due to job elimination. Amended Complaint, ¶ 13. Bhatti's last day of employment with JPMC was January 31, 2002; his title at that time was "Manager of Foreign Exchange Processing Group." Amended Complaint, ¶ 12.

After being laid off, Bhatti continued to work as a private banking fee processing specialist for JPMC, having been provided employment through an employment agency, Integrity Staffing. Amended Complaint, ¶ 14. Beginning with his employment with Integrity Staffing in 2002, up and through April 12, 2004, Bhatti applied for numerous positions within JPMC; all such positions had been advertised and made known as being open and available for new hires.[1] Amended Complaint, ¶ 15. To date, JPMC has not rehired Bhatti. Amended Complaint, ¶ 16.

On May 19, 2004, Bhatti filed a charge of race, age and national origin discrimination with the Delaware Department of Labor and the United States Equal Employment Opportunity Commission. Amended Complaint, ¶ 8, Exhibit 1. On July 14, 2005, the Delaware Department of Labor issued to Bhatti a "Final Determination and Right to Sue Notice." Amended Complaint, ¶ 9. This suit followed.

---

[1] Although JPMC's records indicate that Bhatti did not begin applying for positions with JPMC until 2003 and that some of the positions were canceled for budgetary reasons rather than filled, for purposes of this motion only Bhatti's allegations must be treated as true.

3

# ARGUMENT

## I. COUNT II MUST BE DISMISSED BECAUSE BHATTI MAY PURSUE HIS STATE LAW DISCRIMINATION CLAIMS ONLY IN THE SUPERIOR COURT OF THE STATE OF DELAWARE.

When considering a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept the allegations in the complaint as true. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). However, the court has no obligation to accept as true legal conclusions or unwarranted factual inferences made by the plaintiff. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Regardless of the substantive merits (or lack of merit) of his state law discrimination claims, Bhatti may not pursue them in this Court.

The Delaware General Assembly enacted the current version of the DDEA in 2004, and it became effective on September 10, 2004. The synopsis to the Senate Bill stated that it created a right to sue in Superior Court after the exhaustion of administrative remedies. Delaware Bill Summary, 2004 Reg. Sess. S.B. 154 (attached as Ex. 1). The synopsis explained:

> This bill confirms that Chapter 7 is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in *Shuster v. Derocili*, 775 A.2d 1029 (Del. 2001). ... Sections 712, 714 and 715 have been repealed in their entirety and rewritten to accomplish the goals of initially pursuing informal methods of resolution through mediation and conciliation and then permitting civil actions in Superior Court."

*Id.*

The DDEA has several provisions that make it clear that the General Assembly intended DDEA claims to be pursued exclusively in Superior Court and, further, that the General Assembly intended to require claimants to make a choice between any available

4

federal remedies and the remedy provided by the DDEA. First, 19 *Del. C.* § 714(a) states: "(a) A charging party may file a civil action **in Superior Court**, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same." (emphasis added). Second, 19 *Del. C.* § 715(a) states: "**Superior Court shall have jurisdiction over all proceedings brought by the charging party pursuant to § 714 of this title.**" (emphasis added). Third, 19 *Del. C.* § 715(b) states: "**Superior Court shall have the authority** to provide the following relief ...." (emphasis added). Finally, 19 *Del. C.* § 714(c) states:

> (c) **The charging party shall elect a Delaware or federal forum** to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by **this election of remedies** from filing cases in both Superior Court and the federal forum. If the charging party files in Superior Court and in a federal forum, the respondent may file a motion to dismiss the Superior Court action under this election of remedies provision.

(emphasis added). If the General Assembly had intended to allow DDEA claims to be pursued in federal court simultaneously with similar claims under federal law, it would not have so plainly stated that such claims must be brought in Superior Court, nor would it have explicitly required an election of remedies.

The question of whether Bhatti may simultaneously pursue claims under both the ADEA and the DDEA is more than just procedural. The remedies provided under the two statutes are different. Under the DDEA, the Superior Court is authorized to provide the same types of damages awards as are provided under Title VII:

> **Superior Court shall have the authority** to ... Order the payment of compensatory damages, including but not limited to general and special damages, punitive damages when appropriate, **not to exceed the damage awards allowable under Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.], as amended,** provided that for the purposes of

5

this subchapter, employers with 4-14 employees shall be treated under Title VII's damage award as an employer with under 50 employees.[2]

19 *Del. C.* § 715(b). In contrast, under the ADEA, lost wages and liquidated damages are available but not compensatory or punitive damages. 29 U.S.C. § 626(b); *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3d Cir. 1980); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir. 1977).

Because Bhatti is attempting to pursue both state and federal law claims and because the DDEA requires him to choose one or the other, the Court must dismiss Count II of the Amended Complaint.

## II. THE STATUTE OF LIMITATIONS BARS CLAIMS FOR REFUSALS TO HIRE OF WHICH BHATTI WAS AWARE BEFORE JULY 24, 2003.

A motion to dismiss on the grounds that a claim is barred by the statute of limitations may be brought pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint on its face shows noncompliance with the applicable limitations period. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994). In deciding a motion brought pursuant to Rule 12(b)(6), a court may rely upon the allegations in the complaint, exhibits attached to the complaint and matters of public record. *Oshiver*, 38 F.3d at 1384; *Pension Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042, 126 L. Ed.2d 655, 114 S. Ct. 687 (1994). In addition, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In the present case, many of Bhatti's claims are time-barred because the positions for which Bhatti applied were filled more than 300 days before he filed a charge of

---

[2] Title VII includes caps on compensatory and punitive damages awards that increase with the number of the defendant's employees. 42 U.S.C. § 1981a(b)(3).

discrimination under Title VII and the ADEA. Filing a charge of discrimination is a necessary first step in bringing an action for age discrimination under the ADEA and for race or national origin discrimination under Title VII. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1), (3). In Delaware, the charge must be filed with both the United States Equal Employment Opportunity Commission and the Delaware Department of Labor within 300 days of the alleged discriminatory action. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1), (3). Bhatti did not file a charge of discrimination until May 19, 2004. The 300-day period preceding the filing of Bhatti's charge began on July 23, 2003.[3]

Bhatti claims that since his departure from JPMC in 2002, he has been applying unsuccessfully for various positions with JPMC. Bhatti's complaint does not specify the positions for which he claims he was qualified, applied and was rejected, but since he states that his applications began in 2002, it appears that he is trying to assert claims that arose before July 23, 2003. All claims for refusals to rehire that occurred before July 23, 2003 must be dismissed as untimely.

Bhatti cannot save these untimely claims by arguing that they are part of a continuing violation. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), the Supreme Court discussed the continuing violation exception to the statute of limitations under Title VII. The Court distinguished between claims involving discrete acts and hostile work environment claims, and held:

> First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.

---

[3] The statute of limitations for filing a charge of discrimination under the DDEA is 120 days. 19 *Del. C.* § 712(c)(1).

7

122 S. Ct. at 2071. The Court also held that a refusal to hire is a "discrete discriminatory act" and concluded that charges could be filed only to cover such acts within the statutory time period. *Id.* at 2073.

Because refusals to hire are discrete acts, Bhatti may not rely on the continuing violation doctrine to save claims for refusal to hire where he learned of the rejection of his application before July 23, 2003. His attempt to seek relief with regard to such applications must be rejected as time-barred.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss Count II in its entirety and issue an order holding that Plaintiff may not pursue any claims of which he was aware or reasonably should have been aware before July 23, 2003.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
_____
Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 576-3345; (302) 576-3286
bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant, J.P. Morgan Chase

Dated: December 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I electronically filed a true and correct copy of the foregoing Defendant's Opening Brief in Support of Its Motion to Dismiss, with the Clerk of the Court using CM/ECF, and further caused a copy of same to be served by hand delivery on the following counsel of record:

> Gary W. Aber, Esquire
> First Federal Plaza, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> *Teresa A. Cheek*
> Barry M. Willoughby, Esquire (No. 1016)
> Teresa A. Cheek, Esquire (No. 2657)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6666; (302) 576-3345
> (302) 571-6676; (302) 576-3286
> bwilloughby@ycst.com, tcheek@ycst.com
> Attorneys for Defendant

Dated: December 15, 2005