IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARIQ BHATTI | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05-690 (KAJ) |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| J.P. MORGAN CHASE, a Delaware Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
gaber@gablawde.com
Attorney for Plaintiff

DATED: January 31, 2006

# TABLE OF CONTENTS

|  | Page No. |
|---|---|
| TABLE OF CITATIONS | 3 |
| STATEMENT OF RELEVANT FACTS | 5 |
| SUMMARY OF ARGUMENT | 7 |
| ARGUMENT | |
| I. THE APPLICABLE STANDARD FOR A DEFENDANT'S MOTION TO DISMISS | 8 |
| II. UNDER THIS COURT'S SUPPLEMENTAL JURISDICTION IT HAS THE JURISDICTION TO HEAR THE PLAINTIFF'S CLAIMS BASED UPON THE DELAWARE STATE STATUTES | 9 |
| III. THE TIME LIMITATIONS ON THE CLAIMS | 14 |
| CONCLUSION | 15 |

## TABLE OF CONTENTS

|  | Page No. |
|---|---|
| Alexander v. Whitman<br>114 F.3d 1392, 1397 (3d Cir. 1997) | 8 |
| Crowley v. L.L. Bean, Inc.<br>303 F.3d 387, 395-396 (1st Cir. 2002) | 14 |
| Finch v. Hercules, Inc.<br>809 F.Supp. 309 (D.Del. 1992) | 10 |
| Gagliardo v. Connaught Laboratories, Inc.<br>311 F.3d 565 (3d Cir. 2002) | 12 |
| Hague v. Brandywine School District<br>131 F.Supp.2d 573 (D.Del. 2001) | 9 |
| Haines v. Kerner<br>404 U.S. 519, 521, 92 S.Ct. 594<br>30 L.Ed.2d 652 (1972) | 8 |
| In Re: Burlington Coat Factor Sec. Litigation<br>114 F.3d 1410, 1420 (3d Cir. 1997) | 8 |
| Kehr Packages, Inc. v. Fidel Core, Inc.<br>926 F.2d 1406, 1409 (3d Cir. 1991) | 8 |
| Lomax v. Nationwide Mutual Insurance Co.<br>964 F.2d 1343, 1346 (1992) | 8 |
| National R.R. Passenger Corp. v. Morgan<br>536 U.S. 101, 102, 101 S.Ct. 2061<br>153 L.Ed.2d 106 (2002) | 14 |
| Potence v. Hazleton Area School District<br>357 F.3d 366, 372 (3d Cir. 2004) | 10 |
| Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc.<br>399 F.3d 52, 65-66 (1st Cir. 2005) | 11 |

Starceski v. Westinghouse Electric Corporation
    54 F.3d 1089, 1100 (3d Cir. 1995)           9

Trump Hotels and Casino Resorts v. Mirage Resorts, Inc.
    140 F.3d 478, 483 (3d Cir. 1998)           8

Wehr v. Burroughs Corp.
    619 F.2d 276, 284 (3d Cir. 1980)           9

## STATEMENT OF RELEVANT FACTS

Tariq Bhatti, the plaintiff in this matter was born in Pakistan on September 14, 1942, and thus is of Asian Ancestry (Amended Complaint ¶10).[1] Prior to working for the defendant, the plaintiff had received a college education with a combination bachelor's degree in mathematics and physics (Amended Complaint, ¶11).

In June 1981 the plaintiff began employment with the defendant and continued to be so employed until January 2002, with his last position being "Manager of Foreign Exchange Processing Group". (Amended Complaint, ¶12). In 2002 the plaintiff's department relocated to England, and the plaintiff was laid off due to job elimination. (Amended Complaint, ¶13). After being laid off the plaintiff regularly and continually applied for numerous positions with the defendant, through Integrity Staffing (Amended Complaint, ¶14 and 15). The positions for which the plaintiff was applying for had been made known to be open and available for new hires. (Amended Complaint, ¶15). Despite the plaintiff's numerous applications for employment and despite the fact that he was qualified for many if not all the positions, the defendant did not hire the plaintiff. (Amended Complaint, ¶16).

During the period of time that the plaintiff was continually applying for positions with the defendant, many of the positions, which he applied for, were filled by the defendant by hiring individuals who had previously reported to the plaintiff, and who had acted as managers in the department which the plaintiff had supervised. (Amended Complaint, ¶17). All the individuals so retained or rehired by the defendant for the positions for which the plaintiff had applied for were substantially younger than the

---

[1] References throughout this Brief are to the paragraphs of the amended complaint (Dk-3).

plaintiff. (Amended Complaint, ¶17).[2]

---

[2] Although not relevant for the purposes of these proceedings, the individuals who were hired by the defendant, were also native Americans of Caucasian descent.

## **SUMMARY OF ARGUMENT**

This Court had jurisdiction to consider the claims of age discrimination by the plaintiff against the defendant under both the Federal "Age Discrimination in Employment Act" ("ADEA"), 29 U.S.C.§621 et.seq., and the Delaware State "Discrimination in Employment Act", 19 Del.C.§710 et.seq. , based upon the Court's supplemental jurisdiction, 28 U.S.C.§1367. The exercise of such jurisdiction does not constitute an election of remedies, as prohibited by the relevant State statute.

# ARGUMENT

## I. THE APPLICABLE STANDARD FOR A DEFENDANT'S MOTION TO DISMISS

On a defendant's motion to dismiss, the Court is required to accept as true all the material allegations in the complaint. Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). The Complaint should be dismissed only if, after accepting as true all the facts alleged in the complaint, and, reviewing all reasonable inferences, in favor of the plaintiff, the Court could not grant relief under any set of facts consistent with the allegations of the complaint. Id. In order to grant a motion to dismiss, the Court must determine that the moving party is entitled to no relief under any reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint. Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997).

A court may dismiss a complaint only where the movant can establish beyond a doubt that the plaintiff can prove no set of facts upon which it is entitled to relief. Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The party seeking the dismissal, that is the moving party, at all times has the burden of persuasion. Kehr Packages, Inc. v. Fidel Core, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence in support of the claims. In Re: Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1420 (3d Cir. 1997).

## II. UNDER THIS COURT'S SUPPLEMENTAL JURISDICTION IT HAS THE JURISIDICTION TO HEAR THE PLAINTIFF'S CLAIMS BASED UPON THE DELAWARE STATE STATUTES.

The plaintiff in this matter has invoked, in his Amended Complaint, the jurisdiction of this Court to hear State claims under its supplemental jurisdiction, 28 U.S.C. §1367. (Amended Complaint, ¶6). Count II of the Amended Complaint, specifically makes allegations that there are violations of the Delaware "Discrimination In Employment Act", 19 Del.C. §711 et.seq. (Amended Complaint, ¶21-23). The defendant does not dispute that the state law claims are not so related to the claims brought under the Federal statute, of which this Court has original jurisdiction, that they do not form part of the same case or controversy, 28 U.S.C. §1367(a). Thus, this Court would have grounds for supplemental jurisdiction, Hague v. Brandywine School District, 131 F.Supp.2d 573 (D.Del. 2001), unless it is otherwise deprived of jurisdiction.

It is clear that the Federal statute, and the State statute, while both addressing the wrong of age discrimination, provide different, but parallel relief. Under the ADEA, a claimant is entitled to only "make whole" damages, and is not entitled to recover in excess of such damages. Starceski v. Westinghouse Electric Corporation, 54 F.3d 1089, 1100 (3d Cir. 1995). As such, under the ADEA, damages for pain and suffering are not available. Wehr v. Burroughs Corp., 619 F.2d 276, 284 (3d Cir. 1980). However, under the Delaware State statute, a prevailing plaintiff is entitled to recover compensatory damages including general damages. Under Delaware Law, general damages include damages for pain and suffering. Lomax v. Nationwide Mutual Insurance Co., 964 F.2d 1343, 1346 (1992) (Applying Delaware law in a diversity action).

In light of the two separate statutory schemes, it is clear that under the Federal ADEA statute, there is a Federal policy, that for age discrimination, employees suffering discrimination can receive only their lost monetary damages or wages, or, in situations where it is demonstrated that the discrimination is willful, additional liquidated damages, under the "FLSA" scheme, 29 U.S.C. §§211(b) et.seq., 626(b); Potence v. Hazleton Area School District, 357 F.3d 366, 372 (3d Cir. 2004).

At the same time the Delaware Legislature has enacted its statute, which includes age as a prohibited basis of discrimination with all other forms of discrimination 19 Del.C. §711 (a)(1). This is in contrast to the Federal scheme in which the general employment discrimination statute, "Title VII", 42 U.S.C. §2000e, does not include age. Rather in the Federal scheme the prohibition against age discrimination is contained in its own separate statute under the "FLSA" scheme.

Under the Delaware State scheme, victims of discrimination are entitled to receive general damages, including pain and suffering, 19 Del.C. §715 (1)c. Thus, Delaware State Law provides additional rights and remedies not available under Federal Law, but which are related to the claims under the Federal statute, and "...form part of the same case or controversy...". 28 U.S.C. §1367(a).[3]

The defendant's contention that this Court must dismiss this action based upon the incorrect assumption that the Delaware Statute does not permit simultaneous claims under both the Federal and State Statute. Relying upon the provisions of 19 Del.C. §714(c) the defendant incorrectly interprets the prohibition against simultaneous

---

[3] The Delaware State Statute, is a recent enactment, which may well have been partially in response to this Court's ruling in Finch v. Hercules, Inc., 809 F.Supp. 309 (D.Del. 1992), which held that the predecessor Delaware Statute did not provide a basis for a cause of action or claim of damages for age discrimination.

lawsuits in the Federal and State Court, and the requirement of that statute to select a single "**forum**" to prohibit the recovery of separate relief under both statutes.

The provisions of the Delaware Statute provides:

> "(c) The charging party shall elect a Delaware or Federal **forum** to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both Superior Court and the Federal **forum**. If the charging party files in Superior Court, and in a Federal **forum**, the respondent may file a motion to dismiss the Superior Court action under this election of remedies section. 19 Del.C. §714 (c) (Emphasis Added).

A proper reading of 19 Del.C. §714 (c) clearly demonstrates that the purpose of that statute is to prevent an employee, who would be the charging party, from pursuing two simultaneous lawsuits in both the State Court and the Federal Court. It provides on a basis for dismissal of a Superior Court action. The state statute prohibits two lawsuits in two Courts, not one lawsuit in one Court, with both Federal and State claims.

The relief sought by the plaintiff in this case is not contradictory or duplicative. Rather, it is more correctly stated as parallel and compatible. Under the Federal statute, the plaintiff would recover his economic damages in the form of lost wages. Under the State statute, the plaintiff would recover any general or pain and suffering damages. Such relief would not result in the duplicative or simultaneous relief sought to be prevented by 19 Del.C. §714(c).

The actual objection raided by the defendant seems to be pursuing Federal Court relief for age discrimination at the same time under both the Federal statute and the Delaware State statute, for the same factual occurrences. However, it is not uncommon for a victim of discrimination to pursue in Federal Court and obtain relief under both Federal and State statutes for the same wrong. See: <u>Rodriguez-Torres v. Caribbean</u>

Forms Manufacturer, Inc., 399 F.3d 52, 65-66 (1st Cir. 2005) (citing numerous decisions in which Federal Courts have had to allocate damages awarded between Federal and State statutes). The Third Circuit Court of Appeals has addressed this very situation in Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565 (2002). In that case, in a suit brought under the "Americans With Disabilities Act", the Federal Statute, and the "Pennsylvania Human Relations Act", the State Statute, the jury awarded $2,000,000 in compensatory damages and $500,000 in punitive damages. After trial the District Court apportioned the punitive damages of the Federal Statute and reduced them to the $300,000 cap, but apportioned all of the $2,000,000 to the State statute, which did not have a cap. The Court specifically held that the limitations on damages under the applicable Federal Statute, 42 U.S.C. §1981, did not prevent the plaintiff from recovering greater damages under State law that was virtually identical to the Federal claim. The Court concluded its decision, that by permitting the parallel relief under both the Federal and State statutes would permit the plaintiff to benefit from the remedy provided by State law, and such relief would not conflict with any Congressional purposes limiting Federal awards. Gagliardo, supra, at p. 572. Similarly, here the recovery by the plaintiff of economic damages under the Federal statute, and general damages under the State statute, does not contravene either statute.

The claim by the defendant that the State statute provides that the "Superior Court shall have the authority to provide the following relief..." 19 Del.C. §715(b) means that only the Superior Court has exclusive jurisdiction is a misreading of the purposes of the statute. As shown above, the purpose of 19 Del.C. §714(c) is to prevent simultaneous duplicative suits in both Federal and State Court. The provision of 19

Del.C. §715(b) giving jurisdiction to the Superior Court to hear State claims is a necessity, given the State of Delaware bifurcated judicial system separating equitable claims in the Court of Chancery from legal claims in the Superior Court. The statute giving individuals the right to bring State causes of action would have to specify which State Court had the authority to hear the claims, but by doing so, the statute does not give exclusive jurisdiction to the Superior Court.

For these reasons, the plaintiff's claim should be permitted to proceed in Federal Court asserting original jurisdiction over its "ADEA" claims and supplemental jurisdiction over the claims arising under the Delaware State Statute.

## III.     THE TIME LIMITATIONS ON THE CLAIMS

The defendant asserts as a basis for dismissal relief, that, claims that occurred prior to July 23, 2003, which would have been 300 days preceding the filing of the Charge of Discrimination on May 9, 2004, under the provisions of 29 U.S.C.§626(d), would be barred.

The defendant is correct in its analysis and the plaintiff is not permitted to recover for any actions of the defendant prior to July 23, 2003. However, discriminatory actions by the defendant prior to that date may be relevant for evidentiary purposes. National R.R. Passenger Corp v. Morgan, 536 U.S. 101, 102, 101 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding that there is no bar to "...an employee from using the prior acts of background evidence to support a timely claim). Crowley v. L.L. Bean, Inc., 303 F.3d 387, 395-396 (1st Cir. 2002)

## CONCLUSION

For the reasons stated herein, the defendant's Motion to Dismiss should be denied.

Respectfully Submitted.

*/s/ Gary W. Aber*

Gary W. Aber (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
9302) 472-4900
Attorney for Plaintiff

DATED: January 31, 2006.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached pleading was served via electronic filing to the following counsel on January 31, 2006:

> Barry M. Willoughby, Esquire
> Young, Conaway, Stargatt & Taylor
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

>> /s/ Melissa A. Chionchio
>> Melissa A. Chionchio
>> Secretary to Gary W. Aber, Esquire