IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARIQ BHATTI | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 05-690 (KAJ) |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| J.P. MORGAN CHASE, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

## STIPULATION AND ORDER

The parties in the above-captioned matter, pursuant to the provisions of Fed. R. Civ. P. 15(a), stipulate to the amendment of the complaint in this matter as follows:

1. The name of the defendant shall be stated as "J.P. Morgan Chase Bank, N.A., a National Corporation", and thus, the caption in this matter will be as follows:

| | | |
|---|---|---|
| TARIQ BHATTI | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-690 (KAJ) |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| <u>J.P. MORGAN CHASE BANK, N.A.,</u> <u>a National Corporation</u> | ) ) ) | |
| Defendant. | ) | |

2. Paragraph 8 of the Complaint is amended to read as follows:

   "8. Prior to the filing of this action, the plaintiff filed a timely charge of national origin discrimination, attached hereto as Exhibit No. 1, simultaneously with the Delaware Department of Labor and Equal Employment Opportunity Commission on or about May 19, 2004, alleging discriminatory conduct. On or about November 8, 2005, the EEOC issued to the plaintiff a "Notice of Right to Sue." A copy is attached hereto as Exhibit 3.

3. Count II of the Complaint is amended to read as follows:

1

"23. The actions of the defendant as described herein were the result of discrimination based upon the plaintiff's age, in violation of 19 Del. C. §§ 711 *et seq.*"

4. An additional Count III will be added to the complaint as follows:

### COUNT III
### (Discrimination Under 42 U.S.C. §2000e)

24. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraph 1 through 23.

25. The actions of the defendant in refusing to hire the plaintiff were discriminatory based upon the plaintiff's race or National Origin.

26. The actions of the defendant in refusing to hire the plaintiff violated the provisions of Title VII, 42 U.S.C. §2000e.

5. An underlined copy of the proposed Second Amended Complaint is attached hereto as Exhibit A. Plaintiff will file his Second Amended Complaint within three days after the Court's approval of this stipulation, and Defendant will answer the Second Amended Complaint within ten days after service upon its undersigned counsel of the Second Amended Complaint.

6. Defendant's consent to Plaintiff's amendment of his complaint does not constitute an admission of the allegations of Plaintiff's Second Amended Complaint. Defendant reserves all rights to defend against Plaintiff's claims.

| ABER, GOLDLUST, BAKER & OVER | YOUNG, CONAWAY, STARGATT & TAYLOR |
|---|---|
| /s/ Gary W. Aber | /s/ Teresa A. Cheek |
| GARY W. ABER (DSB #754)<br>First Federal Plaza, Suite 600<br>702 King Street, P.O. Box 1675<br>Wilmington, DE 19899<br>302-472-4900<br>Attorney for Plaintiff | BARRY M. WILLOUGHBY (DSB #1016)<br>TERESA A. CHEEK (DSB #2657)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899<br>302-571-6666, 302-571-6676<br>Attorneys for Defendant |

Dated: January 31, 2006

DB02:5161122.1    058653.1004

IT IS SO ORDERED.

Date:_____

                                                _____
                                                      U.S.D.J. Kent A. Jordan

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TARIQ BHATTI | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| J.P. MORGAN CHASE BANK, N.A. | ) | |
| A National Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

### THE PARTIES

1. The plaintiff, Tariq Bhatti, hereinafter referred to as "plaintiff" is a citizen of the State of Delaware.

2. The defendant, J.P. Morgan Chase, hereinafter referred to as "defendant" is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is The Bank of New York (Delaware), White Clay Center, Route 273, Newark, Delaware 19711.

### JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§1331 and 1343, in that the matter in controversy arise under the laws of the United States of America.

4. This action is brought pursuant to the provisions of the "Age Discrimination Employment Act of 1967", as amended, 29 U.S.C. §621, et.seq, and Title VII of the "Civil Rights Act of 1964," 42 U.S.C. §2000e, et.seq. as amended by the "Civil Rights Act of 1991", §704 of Title VII.

5. Accordingly, has jurisdiction over the Title VII matter pursuant to the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

6. This Court also has supplemental jurisdiction to hear matters arising under the Laws of the State of Delaware, pursuant to 28 U.S.C. §1367.

7. Venue in this Court is proper under the provisions of 28 U.S.C. §1391(b), since the events which gave rise to the plaintiff's claims took place within the State of Delaware.

## EXHAUSTON OF REMEDIES

8. Prior to the filing of this action, the plaintiff filed a timely charge of national origin discrimination, attached hereto as Exhibit No. 1, simultaneously with the Delaware Department of Labor and Equal Employment Opportunity Commission on or about May 19, 2004, alleging discriminatory conduct. On or about November 8, 2005, the EEOC issued to the plaintiff a "Notice of Right to Sue", a copy of that notice is attached hereto as Exhibit No. 3.

9. Subsequently, on July 14, 2005 the Delaware Department of Labor issued to the plaintiff a "Final Determination and Right to Sue Notice" a copy of which is attached hereto as Exhibit No. 2.

## FACTS

10. The plaintiff is a foreign born, naturalized American citizen, having been born in Pakistan, and is of Asian ancestory, on September 14, 1942, with the result that all times relevant herein, he was over the age of 40.

11. The plaintiff has a college education with a combined Bachelor's Degree in Mathematics and Physics.

12. The plaintiff began his employment with the defendant in June 1981, and continued to be employed by them until January 2002, with his last position being "Manager of Foreign Exchange Processing Group".

13. In 2002 the plaintiff's department relocated to England, and the plaintiff was laid off due to job elimination.

14. After being laid off, the plaintiff applied for work as a private banking fee processing specialist, for the defendant, through an employment agency, Integrity Staffing.

15. Beginning with his application for employment through Integrity Staffing, in 2002, up and through April 12, 2004, the plaintiff regularly and continually applied for numerous positions with the defendant, all such positions had been advertised and made known as being open and available for new hires.

16. Despite the plaintiff's numerous applications for employment with the defendant, he was never hired, although he was qualified for many if not all of the positions, for which he applied.

17. During the period of time when the plaintiff was applying for positions with the defendant, the defendant was hiring many other individuals, including all of the employees who had previously reported directly to plaintiff, and acted as managers in the department that he supervised, most of which, if not all, were either hired or retained by defendant, were mostly Natural born Americans, Caucasion, and substantially younger than the plaintiff

18. As a direct and proximate result of the discrimination of the defendant, the plaintiff has lost, and in the future will continue to lose income and suffer damage to his earning capacity.

## COUNT I
### (Discrimination under 29 U.S.C. §621 et.seq.)

19. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 18.

20. The actions of the defendant in refusing to offer employment to the plaintiff, and to rehire the plaintiff, was a result of discrimination based upon the plaintiff's age, in violation of 29 U.S.C. §621 et.seq.

## COUNT II
### (Discrimination Under 19 Del.C. §711)

21. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 20.

22. As a direct and proximate result of the conduct of the defendant described herein, the plaintiff has suffered and continues to suffer great pain, suffering, and mental anguish.

23. The actions of the defendant, as described herein were the result of discrimination based upon the plaintiff's age, in violation of 19 Del.C. §711 et.seq.

## COUNT III
### (Discrimination Under 42 U.S.C. §2000e

24. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1-23.

25. The actions of the defendant in refusing to hire the plaintiff were discriminatory based upon the plaintiff's race and/or National Origin.

26. The actions of the defendant in refusing to hire the plaintiff violated the provisions of Title VII, 42 U.S.C. §2000e.

WHEREFORE, the plaintiff requests this Court to:

a. Enter a judgment against the defendant.

b.  Enter a declaratory judgment stating that the actions of the defendant are in violation of the plaintiff's rights.

c.  Enter a judgment against the defendant for compensatory damages, including lost wages.

d.  Enter a judgment against the defendant for liquidated damages as provided by 29 U.S.C. §621 et.seq.

e.  Enter a judgment against the defendant including damages for the plaintiff's pain, suffering, humiliation, embarrassment, and expenses for treatment of those conditions, and any other personal injuries.

d.  Enter injunctive relief directing that the defendant take appropriate actions to cease all discriminatory and harassing conduct towards the plaintiff.

e.  Award the plaintiff the cost, interest, and attorney fees for this lawsuit.

f.  Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: October 11, 2005