IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEARIQ BHATTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-690 KAJ |
| ) | |
| J.P. MORGAN CHASE BANK, N.A., ) | TRIAL BY JURY DEMANDED |
| a National Corporation, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO SECOND AMENDED COMPLAINT[1]

Defendant, J.P. Morgan Chase Bank, N.A., erroneously named herein J.P. Morgan Chase, (hereinafter "JP Morgan") hereby answers Plaintiff's Second Amended Complaint as follows. All responses set forth below are subject to Defendant's affirmative defenses.

1.   Upon information and belief, it is admitted that Plaintiff is a resident of the State of Delaware.

2.   Denied. By way of further answer, JP Morgan Chase Bank, N.A. is a national corporation organized and existing under the laws of the United States.

3.   Admitted.

4.   Admitted that Defendant purports to bring this action under the federal Age Discrimination In Employment Act, as amended 29 U.S.C. § 621, et. seq. and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq., as amended. All allegations of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety.

---

[1] Plaintiff filed a Second Amended Complaint on February 2, 2006, but did not refer to it as such. His Amended Complaint was filed on October 11, 2005.

5.  Denied. By way of further answer, see response to paragraph 4.

6.  Denied. By way of further answer, Count II of Plaintiff's Complaint is not cognizable as a matter of law. Delaware law requires Plaintiff to make an election of federal or state remedies.

7.  Admitted that venue is proper in this district pursuant to 28 U.S.C. § 1391(b). By way of further answer, all claims of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety.

## RESPONSE TO EXHAUSTION OF REMEDIES

8.  Admitted on or about May 19, 2004, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission in the form attached to the Second Amended Complaint as Exhibit 1. It is denied that Plaintiff's charge is timely with respect to all of the allegations in the Second Amended Complaint. By way of further answer, all claims of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety. Defendant is without knowledge sufficient to form a belief as to whether the EEOC issued a Notice and Right to Sue Letter on November 8, 2005.

9.  Admitted that on July 14, 2005, the Delaware Department of Labor issued a "Final Determination and Right to Sue Notice." It is denied this Court has jurisdiction over Plaintiff's state law claims and/or that Plaintiff has exhausted his administrative remedies. By way of further answer, all claims of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety.

## FACTS

10. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

11. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

12. Admitted.

13. Admitted.

14. Because of the lack of specificity in this paragraph, Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation. By way of further answer, admitted that Plaintiff applied for various positions with Defendant directly and through an employment agency, Integrity Staffing.

15. Because of the lack of specificity in this paragraph, Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation. By way of further answer, admitted that Plaintiff applied for various positions with Defendant directly and through an employment agency, Integrity Staffing.

16. Admitted that Plaintiff was not hired for employment after he separated from employment with Defendant and received a severance package. By way of further answer, all claims of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety. It is further expressly denied that Plaintiff was the most qualified candidate for any position for which he applied.

17. Denied. By way of further answer, it is admitted that Defendant hired other applicants for some of the positions for which Plaintiff applied. By way of further answer, all

claims of employment discrimination based on age, national origin, or any other basis are expressly denied in their entirety.

18. Denied.

## COUNT I
(Discrimination under 29 U.S.C. § 621, et. seq.)

19. Defendant re-alleges and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 18 of the Second Amended Complaint.

20. Denied.

## COUNT II
(Discrimination under 19 Del. C. § 711)

21. Defendant re-alleges and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 20 of the Second Amended Complaint.

22. Denied.

23. Denied.

## COUNT III
(Discrimination Under 42 USC § 2000(e))

24. Defendant re-alleges and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 23 of the Second Amended Complaint.

25. Denied.

26. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting the claims set forth in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any allegedly impermissible motivating factor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendant, by and through the undersigned counsel, hereby requests that Plaintiff's Second Amended Complaint be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 576-3345
bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant, J.P. Morgan Chase

Dated: February 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2006, I electronically filed a true and correct copy of the foregoing Answer to Second Amended Complaint, with the Clerk of the Court using CM/ECF, and further caused a copy of same to be served by hand delivery on the following counsel of record:

>Gary W. Aber, Esquire
>First Federal Plaza, Suite 600
>P.O. Box 1675
>Wilmington, DE 19899

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>_/s/ Barry M. Willoughby_
>Barry M. Willoughby, Esquire (No. 1016)
>Teresa A. Cheek, Esquire (No. 2657)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6666; (302) 576-3345
>(302) 571-6676; (302) 576-3286
>bwilloughby@ycst.com, tcheek@ycst.com
>Attorneys for Defendant

Dated: February 10, 2006