# EXHIBIT A

*Subchapter II. Discrimination in Employment*

## § 710. Definitions.

For the purposes of this subchapter:

(1) "Person" includes 1 or more individuals, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy or receivers.

(2) "Employer" includes the State or any political subdivision or board, department, commission or school district thereof and any person employing 4 or more persons within the State, but, except as hereinafter provided, does not include religious, fraternal, charitable or sectarian corporations or associations, except such corporations or associations supported, in whole or in part, by governmental appropriations. The term "employer" with respect to discriminatory practices based on race, color, age or national origin includes religious, fraternal, charitable and sectarian corporations and associations employing 4 or more persons within the State.

(3) "Employee" means an individual employed by an employer, but does not include:

    a. Any individual employed in agriculture or in the domestic service of any person,

    b. Any individual who, as a part of that individual's employment, resides in the personal residence of the employer, or

    c. Any individual employed by said individual's parents, spouse or child.

(4) "Employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person.

(5) "Labor organization" includes any organization of any kind, any agency or employee representation committee, group, association or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours or other terms or conditions of employment, any conference, general committee, joint or system board or joint council so engaged which is subordinate to a national or international labor organization.

(6) "Secretary" means the Secretary of the Department of Labor or the Secretary's designee.

(7) "Age" as used in this subchapter includes only persons between the ages of 40 and 70.

(8) "Review board" means a board consisting of 5 members constituted as follows: Three members appointed by the Governor, one of whom shall be designated to serve as chairperson, 1 of the 3 shall be representative of the general public, 1 shall be representative of employers and 1 shall be representative of organized labor. The remaining members shall be the Secretary of Labor or the Secretary's designee and the Chairperson of the Human Relations Commission or the Chairperson's designee. (19 Del. C. 1953, § 710; 58 Del. Laws, c. 285; 62 Del. Laws, c. 97, § 1; 70 Del. Laws, c. 186, § 1.)

**Age discrimination.** — There is no common law public policy exception regarding age discrimination to the employment at-will doctrine, as there is in place an elaborate statutory scheme addressing the same public policy concerns. Finch v. Hercules Inc., 809 F. Supp. 309 (D. Del. 1992).

## § 711. Unlawful employment practices; employer practices.

(a) It shall be an unlawful employment practice for an employer to:
    (1) Fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, marital status, color, age, religion, sex or national origin; or
    (2) Limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the individual's status as an employee because of such individual's race, marital status, color, age, religion, sex or national origin.

(b) It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment or otherwise to discriminate against any individual because of race, marital status, color, age, religion, sex or national origin or to classify or refer for employment any individual on the basis of race, marital status, color, religion, age, sex or national origin.

(c) It shall be an unlawful employment practice for a labor organization to:
    (1) Exclude or expel from its membership or otherwise to discriminate against any individual because of race, marital status, color, age, religion, sex or national origin;
    (2) Limit, segregate or classify its membership or to classify or fail or refuse to refer for employment any individual in any way which would deprive or tend to deprive any individual of employment opportunities or would limit such employment opportunities or otherwise adversely affect the individual's status as an employee or as an applicant for employment because of such individual's race, marital status, color, age, religion, sex or national origin; or
    (3) Cause or attempt to cause an employer to discriminate against an individual in violation of this section.

(d) It shall be an unlawful employment practice for any employer, labor organization or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual because of race, marital status, color, age, religion, sex or national origin in admission to or employment in any program established to provide apprenticeship or other training.

(e) Notwithstanding any other provision of this subchapter:
    (1) It shall not be an unlawful employment practice for an employer to hire and employ employees, for an employment agency to classify or refer for employment any individual, for a labor organization to classify its membership or to classify or refer for employment any individual or for an employer, labor organization or joint labor-management committee controlling apprenticeship or other training or retraining programs to admit or employ any individual in any such program on the basis of religion, age, sex or national origin in those certain instances where religion, age, sex or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise; and

(2) It shall not be an unlawful employment practice for a school, college, university or other educational institution or institution of learning to hire and employ employees of a particular religion if such school, college, university or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled or managed by a particular religion or by a particular religious corporation, association or society or if the curriculum of such school, college, university or other educational institution or institution of learning is directed toward the propagation of a particular religion.

(f) Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to apply different standards of compensation or different terms, conditions or privileges of employment pursuant to a bona fide seniority or merit system or a system which measures earnings by quantity or quality of production or to employees who work in different locations, provided that such differences are not the result of an intention to discriminate because of race, marital status, color, age, religion, sex or national origin, nor shall it be an unlawful employment practice for an employer to give and to act upon the results of any professionally developed ability test provided that such test, its administration or action upon the results is not designed, intended or used to discriminate because of race, marital status, color, religion, age, sex or national origin.

(g) Nothing contained in this subchapter shall be interpreted to require any employer, employment agency, labor organization or joint labor-management committee subject to this subchapter to grant preferential treatment to any individual or to any group because of the race, marital status, color, religion, age, sex or national origin of such individual or group on account of an imbalance which may exist with respect to the total number or percentage of persons of any race, marital status, color, religion, age, sex or national origin employed by any employer, referred or classified for employment by any employment agency or labor organization, admitted to membership or classified by any labor organization or admitted to or employed in any apprenticeship or other training program, in comparison with the total number or percentage of persons of such race, marital status, color, religion, age, sex or national origin in any community, state, section or other area or in the available work force in any community, state, section or other area.

(h) Nothing contained in this subchapter as it applies to discrimination because of age or sex shall be interpreted to affect or interfere with the retirement policy or system of any employer or the underwriting or administration of a bona fide employee welfare or benefit plan, provided that such policy, system or plan is not merely a subterfuge to evade the purpose of this subchapter.

(i)(1) Nothing in this subchapter shall be construed to prohibit compulsory retirement of any employee who has attained 65 years of age but not 70 years of age, and who, for the 2-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position, if such employee is entitled to an immediate nonforfeitable annual retirement benefit from a pension, profit sharing, savings or deferred compensation plan, or any combination of such plans, of the employer of such an employee, which equals, in aggregate, at least $27,000.

(2) In applying the retirement benefit test of paragraph (1) of this subsection, if any such retirement benefit is in a form other than a straight

life annuity (with no ancillary benefits), or if employees contribute to any such plan or make rollover contributions, such benefit shall be adjusted in accordance with regulations prescribed by the Secretary, United States Department of Labor, pursuant to 29 U.S.C. § 631(c)(2), so that the benefit is the equivalent of a straight life annuity (with no ancillary benefits) under a plan to which employees do not contribute and under which no rollover contributions are made. (19 Del. C. 1953, § 711; 58 Del. Laws, c. 285; 62 Del. Laws, c. 97, § 2; 64 Del. Laws, c. 333, § 1; 70 Del. Laws, c. 186, § 1.)

Cross references. — As to protection of jurors' employment, see § 4515 of Title 10.

Similarity to Title VII of 1964 Civil Rights Act. — Delaware law prohibits employment discrimination in terms almost identical to those of Title VII of the Civil Rights Act of 1964. Cannon v. Delaware, 523 F. Supp. 341 (D. Del. 1981).

Effect of federal decisions interpreting Title VII. — Although cases arising under this section are governed by state law, in the past courts have taken an interpretive lead from federal decisions construing and applying Title VII of the Civil Rights Act of 1964. Riner v. National Cash Register, Del. Supr., 434 A.2d 375 (1981).

Selection of work force by nondiscriminatory means does not include duty to maximize hiring of minority employees. — Subsection (a) of this section forbids an employer from having as a goal a work force selected by any proscribed discriminatory practice, but it does not impose a duty to adopt a hiring procedure that maximizes hiring of minority employees. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

Test to determine whether discrimination occurred. — The four-pronged test announced by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), should be invoked to determine whether there is substantial evidence in the record to support an Equal Employment Review Board's decision that discrimination occurred and whether a petitioner has established a prima facie right to relief under subsection (a) of this section. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

Employer's burden to prove employment decision based on legitimate consideration. — When petitioner establishes a prima facie case under subsection (a) of this section in the light of the four-pronged test announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), it is apparent that the burden which shifts to the employer is merely that of proving that the employer based an employment decision on a legitimate consideration, and not an illegitimate one such as race. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

To prove that an employment decision was based on a legitimate consideration, an employer need not prove that the employer pursued the course which would both enable the employer to achieve the employer's own business goal and allow the employer to consider the most employment applications. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

### § 712. Enforcement provisions.

(a) The Department of Labor is empowered, as hereinafter provided, to prevent any person from engaging in any unlawful employment practice as set forth in §§ 711, 723 and 724 of this title.

(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved or by any authorized employee of the Department alleging that an employer, employment agency, labor organization or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Department shall serve a copy of the charge on such employer, employment agency, labor organization or joint labor-management committee (hereinafter referred to as the "respondent") and shall make an investigation thereof. Charges shall be in writing and shall contain such information and be in such form as the Department requires. Charges shall not be made public by

Case 1:05-cv-00690-MPT   Document 26-2   Filed 02/15/2006   Page 6 of 13

the Department. If the Department determines after such investigation that there is reasonable cause to believe that the charge is not true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. Such notice shall be in writing and shall set forth the facts upon which the decision is based.

(c) If the Department determines after the investigation referred to in subsection (b) of this section that there is reasonable cause to believe that the charge is true, the Department shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. Nothing said or done during and as a part of such conciliation endeavors may be made public by the Department, its officers or employees or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,150 or imprisoned not more than 1 year, or both. The Department shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than 120 days from the filing of the charge or, where applicable under subsection (d) or (e) of this section, from the date upon which the Department is authorized to take action with respect to the charge.

(d) A charge under subsection (b) of this section must be filed within 90 days after the alleged unlawful employment practice or 120 days after discovery thereof, whichever is the later.

(e) If the Department determines, after attempting to secure voluntary compliance under subsection (c) of this section, that it is unable to secure from the respondent a conciliation agreement acceptable to the Department and to the person aggrieved, which determination shall not be reviewable in any court, the Department shall issue and cause to be served upon the respondent a complaint stating the facts upon which the allegation of the unlawful employment practice is based together with a notice of hearing before the review board, or the respondent's agent, at a place therein fixed not less than 5 days after the serving of such complaint. The complaint may be amended at any reasonable time provided that the respondent has sufficient time to respond thereto. Related proceedings may be consolidated for hearing. Any employee of the Department who filed a charge in any case shall not participate in a hearing on any complaint arising out of such charge, except as a witness.

(f) A respondent shall have the right to file an answer to the complaint against the respondent and with the leave of the review board, which shall be granted whenever it is reasonable and fair to do so, may amend the respondent's own answer at any time. Respondent and the person aggrieved shall be parties and may appear at any stage of the proceedings, with or without counsel. The review board may grant such other persons a right to intervene or to file briefs or make oral arguments as amicus curiae or for other purposes as it considers appropriate. All testimony shall be taken under oath and shall be reduced to writing.

(g) If the review board finds that the respondent has engaged in an unlawful employment practice, the review board shall state its findings of fact in writing and shall issue and cause to be served on the respondent and the person or persons aggrieved by such unlawful employment practice an order requiring the respondent to cease and desist from such unlawful employment practice and to take such affirmative action, including reinstatement or hiring of

employees, with or without back pay (payable by the employer, employment agency or labor organization, as the case may be, responsible for the unlawful employment practice), as will effectuate the policies of this subchapter, provided, that interim earnings or amounts earnable with reasonable diligence by the aggrieved person or persons shall operate to reduce the back pay otherwise allowable. Such order may further require such respondent to make reports from time to time showing the extent to which the respondent has complied with the order. If the review board finds that the respondent has not engaged in any unlawful employment practice, the review board shall state its findings of fact in writing and shall issue and cause to be served on the respondent and the person or persons alleged in the complaint to be aggrieved an order dismissing the complaint.

(h) Any complainant or any aggrieved party other than a member of the Department, respondent or intervenor aggrieved by an order of the review board, including an order dismissing a complaint, may obtain judicial review, and the review board may obtain an order of the Court of Chancery for enforcement of its order. The proceeding for review or enforcement is initiated by filing a petition in the Court of Chancery. Copies of the petition shall be served upon all parties of record. Within 30 days after the service of the petition upon the review board or its filing by the review board or within such further time as the Court may allow, the review board shall transmit to the Court the original or a certified copy of the entire record upon which the order is based, including any transcript of testimony, which need not be printed. By stipulation of all parties to the review proceeding, the record may be shortened. The Court may reverse or modify the order if substantial rights of the petitioner have been prejudiced because the findings of fact of the Department are clearly erroneous in view of the reliable probative and substantial evidence on the whole record. The Court shall have power to grant such temporary relief or restraining order as it deems just and to enter an order enforcing, as modified, or setting aside in whole or in part the order of the review board or remanding the case to the Department for further proceedings.

An objection not urged at a hearing shall not be considered by the Court unless the failure to urge the objection is excused for good cause shown. A party may move the Court to remit the case to the review board in the interest of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon, provided the party shows good cause for the failure to adduce such evidence before the review board.

A proceeding under this section must be initiated within 30 days after a copy of the order of the review board is received, unless the Department is the petitioner. If no proceeding is so initiated, the review board may obtain a decree of the Court for enforcement of its order upon showing that a copy of the petition for enforcement was served on the respondent and that the respondent is subject to the jurisdiction of the Court.

(i) After a charge has been filed and until the record has been filed in the Court of Chancery as herein provided, the proceeding may at any time be ended by agreement between the review board and the parties for the elimination of the alleged unlawful employment practice, approved by the review board and the review board may at any time, upon reasonable notice, modify or set aside, in whole or in part, any finding or order made or issued by it. An agreement approved by the review board shall be enforceable under subsection (h) of this section and that subsection shall be applicable to the extent appropriate to a proceeding to enforce an agreement.

(j) In any action or proceeding under this subchapter or subchapter III of this chapter the Court, in its discretion, may allow the prevailing party, other than the review board or the State, a reasonable attorney's fee as part of the costs, and the review board and the State shall be liable for costs, the same as a private person.

(k) The Superior Court of the county where the violation is alleged to have occurred shall have jurisdiction to hear an appeal from any decision made by the review board except as provided in subsection (h) of this section. Such appeal shall be on the record only before the Department. (19 Del. C. 1953, § 712; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, §§ 3, 4; 67 Del. Laws, c. 260, § 1; 70 Del. Laws, c. 186, § 1.)

Revisor's note. — Section 2 of 67 Del. Laws, c. 260, provides: "As to any fee, cost, fine, assessment, penalty or other non-tax revenue identified in Appendix I of this act, which is assessed as a percentage of a dollar amount, the rate resulting from this act shall be rounded up to the next whole percent, rather than the fraction which may result from the increase occasioned by this act."

Section 3 of 67 Del. Laws, c. 260, provides: "As to any fee, cost, fine, assessment, penalty or other non-tax revenue identified in Appendix I of this act, which is assessed as a dollar amount, the dollar amount shall be rounded up to the next multiple of five (5) cents, rather than the fraction or other amount which may result from the increase occasioned by this act."

Section 4 of 67 Del. Laws, c. 260, provides: "If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable."

In (a), "724 of this title" was substituted for "725 of this title" by the Revisors.

This subchapter is based on federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. In an action under the federal act, the plaintiff employee must first proceed to establish a prima facie case of discrimination. The burden of production (though not the burden of persuasion) then shifts to the defendant employer to articulate some nondiscriminatory reason for the employee's discharge. The employee must then show that that reason is a mere pretext designed to cover a discriminatory motive and that, in fact, age was the determining factor. National Cash Register v. Riner, Del. Super., 424 A.2d 669 (1980).

And was never intended as all encompassing cure for employment ills of the nation's aged population; it is not a court's duty or function to distort the intention and meaning of a statute, albeit one broadly denominated as remedial civil rights legislation. National Cash Register v. Riner, Del. Super., 424 A.2d 669 (1980).

There is no common law public policy exception regarding age discrimination to the employment at-will doctrine, as there is in place an elaborate statutory scheme addressing the same public policy concerns. Finch v. Hercules Inc., 809 F. Supp. 309 (D. Del. 1992).

Selection of work force by nondiscriminatory means does not include duty to maximize hiring of minority employees. — Section 711(a) of this title forbids an employer from having as a goal a work force selected by any proscribed discriminatory practice, but it does not impose a duty to adopt a hiring procedure that maximizes hiring of minority employees. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

Test to determine whether discrimination occurred. — The four-pronged test announced by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), should be invoked to determine whether there is substantial evidence in the record to support an Equal Employment Review Board's decision that discrimination occurred and whether a petitioner has established a prima facie right to relief under § 711(a) of this title. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

Employer's burden to prove employment decision based on legitimate consideration. — When petitioner establishes a prima facie case under § 711(a) of this title in the light of the four-pronged test announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), it is apparent that the burden which shifts to the employer is merely that of proving that the employer based the employer's employment decision on a legitimate consideration, and not an illegitimate one such as race. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

To prove that an employment decision was based on a legitimate consideration, an employer need not prove that the employer pursued the course which would both enable the employer to achieve the employer's own

32

business goal and allow the employer to consider the most employment applications. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

**Judicial review.** — Subsection (h) provides for a very specific procedural scheme as to where and when judicial review of the Review Board's order is available; specifically, in order to obtain judicial review, an individual must file a petition for review in the Court of Chancery and must file it within 30 days after a copy of the order of the Review Board is received. Wright v. ICI Americas Inc., 813 F. Supp. 1083 (D. Del. 1993).

The express procedural scheme set forth in this section only contemplates judicial review after the Review Board has issued its findings. Wright v. ICI Americas Inc., 813 F. Supp. 1083 (D. Del. 1993).

**Scope of review of Board's decision.** — Judicial review of a decision by the Equal Employment Review Board shall be limited to a determination of whether the Board's decision was supported by substantial evidence on the record before it. Giles v. Family Court, Del. Supr., 411 A.2d 599 (1980).

If the record discloses substantial evidence to support a decision of the Equal Employment Review Board, the Superior Court must affirm. National Cash Register v. Riner, Del. Super., 424 A.2d 669 (1980).

**No review of Department of Labor's rejection of age discrimination claim.** — The Department of Labor's determination of whether probable cause to believe that charge of age discrimination exists is not reviewable in court, nor is there a private right of action despite an unfavorable determination by the department. Chalawsky v. Sun Ref & Mktg. Co., 733 F. Supp. 791 (D. Del. 1990).

**State Department of Labor has authority to investigate and remedy complaint of alleged racial discrimination against State Personnel Commission.** Cannon v. Delaware, 523 F. Supp 341 (D. Del. 1981).

**Affirmed on substantial evidence.** — If the record discloses substantial evidence to support the review board's decision, the Superior Court must affirm. News-Journal Co. v. Connell, Del. Super., 328 A.2d 150 (1974).

**Transfer required where appeal filed in improper Superior Court.** — Where the Family Court appealed an equal employment review board's ruling by filing in the Superior Court in and for New Castle County but the Court dismissed the appeal because the Court determined that the discriminatory acts originated in Sussex County, and the Superior Court in and for New Castle County ruled that it lacked authority to hear the appeal, the Court should have transferred the proceedings to the Superior Court in and for Sussex County. Family Court v. Giles, Del. Supr., 384 A.2d 623 (1978).

## § 713. Civil actions by the Attorney General; complaint.

(a) Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter or subchapter III of this chapter and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the Court of Chancery by filing with it a complaint:

(1) Signed by the Attorney General (or in the Attorney General's absence the Chief Deputy Attorney General);

(2) Setting forth facts pertaining to such pattern or practice; and

(3) Requesting such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as the Attorney General deems necessary to insure the full enjoyment of the rights herein described.

(b) The Court of Chancery shall have jurisdiction over proceedings brought pursuant to this section. (19 Del. C. 1953, § 713; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, § 5; 70 Del. Laws, c. 186, § 1.)

## § 714. Investigations; examination and copying of evidence related to unlawful employment practices.

(a) In connection with any investigation of a charge filed under § 712 of this title, the Department shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter or subchapter III of this chapter and is relevant to the charge under investigation.

(b) Every employer, employment agency and labor organization, subject to this subchapter or subchapter III of this chapter, shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods and (3) make such reports therefrom, as the Department shall prescribe by regulation or order, after public hearing, as reasonable, necessary or appropriate for the enforcement of this subchapter or subchapter III of this chapter or the regulations or orders thereunder. The Department shall, by regulation, require each employer, labor organization and joint labor-management committee subject to this subchapter or subchapter III of this chapter which controls an apprenticeship or other training program to maintain such records as are reasonably necessary to carry out the purpose of this subchapter or subchapter III of this chapter, including, but not limited to, a list of applicants who wish to participate in such program, including the chronological order in which such applications were received, and shall furnish to the Department, upon request, a detailed description of the manner in which persons are selected to participate in the apprenticeship or other training program. Any employer, employment agency, labor organization or joint labor-management committee which believes that the application to it of any regulation or order issued under this section would result in undue hardship may (1) apply to the Department for an exemption from the application of such regulation or order, or (2) if such exemption is denied, bring action for relief in the Court of Chancery. If the Department or the Court, as the case may be, finds that the application of the regulation or order to the employer, employment agency or labor organization in question would impose an undue hardship, the Department or the Court, as the case may be, may grant appropriate relief.

(c) It shall be unlawful for any officer or employee of the Department to make public in any manner whatever any information obtained by the Department pursuant to its authority under this section prior to the institution of any proceeding under this subchapter or subchapter III of this chapter involving such information. Any officer or employee of the Department who shall make public in any manner whatever any information in violation of this subsection, upon conviction thereof, shall be fined not more than $1,150 or imprisoned not more than 1 year. (19 Del. C. 1953, § 714; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, § 6; 67 Del. Laws, c. 260, § 1.)

**Revisor's note.** — Section 2 of 67 Del. Laws, c. 260, provides: "As to any fee, cost, fine, assessment, penalty or other non-tax revenue identified in Appendix I of this act, which is assessed as a percentage of a dollar amount, the rate resulting from this act shall be rounded up to the next whole percent, rather than the fraction which may result from the increase occasioned by this act."

Section 3 of 67 Del. Laws, c. 260, provides:

"As to any fee, cost, fine, assessment, penalty or other non-tax revenue identified in Appendix I of this act, which is assessed as a dollar amount, the dollar amount shall be rounded up to the next multiple of five (5) cents, rather than the fraction or other amount which may result from the increase occasioned by this act."

Section 4 of 67 Del. Laws, c. 260, provides: "If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable."

### § 715. Investigatory powers; examination of witnesses; production of evidence.

(a) For the purposes of any investigation of a charge filed under the authority contained in § 712 of this title, the Department shall have authority to subpoena and examine witnesses under oath and to require the production of documentary evidence relevant or material to the charge under investigation. The subpoenas may be issued and oaths administered by the secretary or the chairperson of the review board.

(b) If the respondent named in a charge filed under § 712 of this title fails or refuses to comply with a demand of the Department for permission to examine or to copy evidence in conformity with subsection (a) of this section, or if any person required to comply with subsection (a) and (b) of § 714 of this title fails or refuses to do so, or if any person fails or refuses to comply with a demand by the Department or review board to give testimony under oath, the Superior Court of the county in which the person is found, resides or transacts business shall upon application of the Department or review board have jurisdiction to issue to such person an order requiring the person to comply with subsection (a) or (b) of § 714 of this title or to comply with the demand of the Department or review board, but the attendance of a witness may not be required outside the state where the witness is found, resides or transacts business and the production of evidence may not be required outside the state where such evidence is kept.

(c) Any subpoena, process or order of the Department or review board or any notice or paper requiring service may be served by any sheriff, deputy sheriff, constable or any employee of the Department and return thereof made to the Department or review board. Such officer shall receive the same fees as are provided by law for like service in civil actions, except that if service is made by an employee of the Department the employee of the Department shall not receive any fee, but shall be paid his actual expenses.

(d) Within 20 days after the service upon any person charged under § 712 of this title of a demand by the Department or review board for the production of documentary evidence or for permission to examine or to copy evidence in conformity with § 714(a) of this title, such person may file in the Superior Court of the county in which that person resides, is found or transacts business and serve upon the review board, either by personal service upon the review board or by registered mail, a petition for an order of such Court modifying or setting aside such demand. The time allowed for compliance with the demand in whole or in part as deemed proper and ordered by the Court shall not run during the pendency of such petition in the Court. Such petition shall specify each ground upon which the petition relies in seeking such relief and may be based upon any failure of such demand to comply with this subchapter or subchapter III of this chapter or with the limitations generally applicable to compulsory process or upon any constitutional or other legal right or privilege

of such person. No objection which is not raised by such a petition may be used in defense to a proceeding initiated by the review board under subsection (b) of this section for enforcement of such a demand unless such proceeding is commenced by the review board prior to the expiration of the 20-day period or unless the Court determines that the defendant could not reasonably have been aware of the availability of such ground of objection.

(e) In any proceeding brought by the Department under subsection (b) of this section, except as provided in subsection (d) of this section, the defendant may petition the Court for an order modifying or setting aside the demand of the review board.

(f) If any person, in proceedings before the review board, disobeys or resists any lawful order or process or disobeys or resists any order issued pursuant to § 712(g) of this title or misbehaves during a hearing or so near the place thereof as to obstruct the hearing or neglects to produce after having been ordered to do so any pertinent document or refuses to appear after having been subpoenaed or, upon appearing, refuses to take the oath as a witness or, after having taken the oath, refuses to be examined according to law or refuses to obey or comply with any order of the review board, the review board shall certify the facts under the hand of the secretary to any Judge of the Superior Court, who shall thereupon hear the evidence as to the acts complained of. If the evidence so warrants, the Judge shall punish such person in the same manner and to the same extent as for a contempt committed before the Superior Court or shall commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the Superior Court. (19 Del. C. 1953, § 715; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, § 7; 70 Del. Laws, c. 186, § 1.)

Revisor's note. — In (e), "subsection (d)" was substituted for "subsection (c)" by the Revisors.

## § 716. Posting of notices; penalties.

(a) Every employer, employment agency and labor organization, as the case may be, shall post and keep posted in conspicuous places upon its premises where notices to employees, applicants for employment and members are customarily posted, a notice to be prepared or approved by the Department setting forth excerpts from or summaries of the pertinent provisions of this subchapter and subchapter III of this chapter and information pertinent to the filing of a complaint.

(b) A wilful violation of this section shall be punishable by a fine of not more than $100 for each separate offense. (19 Del. C. 1953, § 716; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, § 8.)

## § 717. Veterans' special rights or preference.

Nothing contained in this subchapter or subchapter III of this chapter shall be construed to repeal or modify any state or local law creating special rights or preference for veterans. (19 Del. C. 1953, § 717; 58 Del. Laws, c. 285; 66 Del. Laws, c. 337, § 9.)

**Revisor's note.** — Section 11 of 66 Del. Laws, c. 337, provides: "If any provision of this act or its application to any person or circumstances is held invalid, the invalidity does not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable."

## § 718. Civil jurisdiction.

Any employer who shall violate the provisions of this subchapter or subchapter III shall be fined not less than $1,000 nor more than $5,000 for each violation, in addition to any liability for damages. Jurisdiction of violations of this subchapter and subchapter III shall be with the Equal Employment Review Board. (69 Del. Laws, c. 294, § 10.)

### *Subchapter III. Handicapped Persons Employment Protections*

## § 720. Short title.

This subchapter may be cited as the "Handicapped Persons Employment Protections Act." (66 Del. Laws, c. 337, § 2.)

## § 721. Statement of purpose and interpretation.

(a) This subchapter is intended to encourage and enable qualified handicapped persons to engage in remunerative employment which is sought by them in good faith. The General Assembly finds that the practice of employment discrimination based on handicap is contrary to the public interest and the principles of freedom and equality of opportunity. Such discrimination also deprives many handicapped persons of earnings necessary to maintain or contribute to a decent standard of living and necessitates their resort to public support.

(b) This subchapter shall be liberally construed to promote the full employment opportunity of qualified handicapped persons who seek such opportunity in good faith. Furthermore, in defining the scope or extent of any duty imposed by this subchapter, including the duty of reasonable accommodation, higher or more comprehensive obligations established by otherwise applicable federal, state or local enactments may be considered. Nothing in this subchapter, however, shall be construed to impose liability upon any employer for selecting, hiring or promoting in good faith a nonhandicapped applicant or employee who is better qualified than another applicant or employee who is a qualified handicapped person. (66 Del. Laws, c. 337, § 2.)

**This act does not pre-empt a wrongful discharge claim fashioned as a breach of an implied covenant** pursuant to which the parties agreed to certain conditions involving plaintiff's medical difficulties. Morgan v. Future Ford Sales, 830 F. Supp. 807 (D. Del. 1993).

## § 722. Definitions.

As used in this subchapter, unless the context otherwise requires:
  (1) The terms "person," "employee," "employment agency," "labor organizations," "Secretary" and "review board" are defined in § 710 of this title.
  (2) "Employer" means the State or any political subdivision or board, department, commission or school district thereof and any person employ-

37