# EXHIBIT C

# Herney Bundy v. Corrado Brothers

### C.A. No. 97A-06-007

### SUPERIOR COURT OF DELAWARE, SUSSEX

### 1998 Del. Super. LEXIS 184

### December 24, 1997, Date Submitted
### March 25, 1998, Decided

**SUBSEQUENT HISTORY:** [*1]

Released for Publication by the Court May 29, 1998.

**DISPOSITION:**

Board's decision AFFIRMED.

**COUNSEL:** Clayton E. Bunting, Esquire, Wilson, Halbrook & Bayard, Georgetown, Delaware.

Natalie S. Wolf, Esquire, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware.

**JUDGES:** T. HENLEY GRAVES, JUDGE.

**OPINIONBY:** T. HENLEY GRAVES

**OPINION:**

Herney Bundy ("Appellant") appeals the October 31, 1996 decision of the Industrial Accident Board ("Board") determining that 19 Del.C. § 2334 applied prospectively so as not to require a retroactive payment of approximately $ 63,000 to Appellant by the insurance carrier of Corrado Brothers ("Appellee"). The parties have briefed the issues presented by this appeal. This is the Court's decision thereon.

FACTS

A legal hearing took place before the Board on October 31, 1996 on Appellee's petition to terminate compensation. In effect, Appellee sought an order from the Board requiring Appellant to sign agreements as to compensation due from July 10, 1995 and ongoing reflecting the new statutory rate of $ 125.47. The Board did not take testimony and heard only arguments from the parties' counsel. n1 After its consideration of these arguments and the evidence before it, [*2] the Board issued the following decision:

> The facts in this case are not in dispute, and the issue involved is a matter of law and one of statutory interpretation. The claimant was injured in a compensable industrial

accident on September 6, 1967. He has received compensation for temporary total disability benefits since that time. The claimant received the maximum compensation rate in effect as of an agreement dated September 10, 1970. His average weekly wage at the time of injury was $ 124.00.

Effective May 21, 1971, the General Assembly approved supplemental benefits for those individuals who were totally disabled as of that date and (for purposes of this case) were presently receiving the maximum benefit amount in effect at the time of the award or agreement for compensation. The claimant was included in this class of injured employees. For unknown reasons, the claimant continued to receive his benefit amount pursuant to the 1970 agreement. It was not until 1994 (after the claimant retained legal counsel) that the carrier finally paid benefits that constituted supplemental payments in a lump sum.

On July 10, 1995, the Governor signed into law Senate Bill 168. **[*3]** This bill amended the prior provisions of section 2334 to insert a maximum benefit amount equivalent to the maximum benefit in effect as of July 1, 1975. This raised the supplemental payment for individuals such as the claimant so that their benefits would increase from $ 75.00 per week to $ 125.47 per week. Effective July 10, 1995, the carrier started paying the claimant benefits of $ 125.47 per week.

The dispute in this case centers around an issue of retroactivity. The carrier contends that there is no indication in S.B. 168 or its legislative history that the General Assembly intended to make the supplemental payments retroactive to May of 1971. The claimant contends that the language of the statute itself indicates the payments should be made retroactive. For the following reasons, the Board concludes that the carrier's position is the correct one.

It is a general rule of statutory interpretation that legislation is to be accorded prospective effect unless the General Assembly makes its intention clear to give it retroactive effect. Here, there is no such clear intention. The Board has reviewed the statutory amendment itself, the bill's synopsis, and even the tapes **[*4]** of the rather minimal legislative debate on the bill. Nowhere does it appear that the General Assembly intended that the bill require retroactive payments to claimants back to May of 1971. To interpret the legislation as having retroactive effect would also make little sense. One would have to wonder why the General Assembly would make payments retroactive to a date that preceded the date at which it established the effective maximum benefit amount. This defies logic. Furthermore, as it appears to the Board that only the dates utilized to establish the effective maximum benefit amount were changed, that the General Assembly intended only to increase the amount of the bare minimal compensation to be paid prospectively and not to provide a retroactive payment. For these reasons, the Board concludes that the claimant's compensation rate shall be $ 125.47 effective July 10, 1995. The parties may sign agreements and receipts to this effect.

> n1 The Court does not summarize counsels' arguments before the Board here since they make similar arguments in their briefs. Those arguments are addressed in more detail below.

[*5]

STANDARD OF REVIEW

While this Court gives strong consideration to an agency's interpretation of relevant statutes, Sutherland Stat. Const. § 73.02 (5th Ed.), it reviews such questions of law de novo. In re Beattie, Del. Super., 54 Del. 506, 180 A.2d 741, 744 (1962); Oceanport Ind. v. Wilmington Stevedores, Del. Supr., 636 A.2d 892, 899 (1994). The question of law at issue in this appeal is whether 19 Del.C. § 2334 applies retroactively or prospectively.

SUMMARY OF THE ARGUMENTS

In its briefs filed in this matter, Appellant attacks the Board's decision on several fronts. First, he argues that the Board erred by examining legislative intent without first determining that the statute was ambiguous. Appellant argues that even if the Board was correct in contemplating the legislative intent, it erred by refusing to interpret the statute liberally in favor of expansive remedial payments to injured workers.

Second, Appellant contends that 19 Del.C. § 2334(a) not only defines the class of workers to whom insurance carriers must pay the adjustment, but it also requires carriers to make those payments from and after the entitlement date of May 27, 1971. Furthermore, the [*6] Board's past practices with regard to this section estops it from drawing a different conclusion. Third, Appellant insists that Appellee did not meet its burden of proof to support its position that the amended benefit adjustment rate applies only to July 10, 1995 and thereafter.

Fourth, Appellant suggests that the Board impermissibly relied upon Appellee's argument that interpreting the statute as Appellant suggests would produce an illogical economic result. Appellant argues that Appellee's construction of the statute would lead to the illogical result of requiring claimants to repay benefits received by them prior to the July 1995 amendment. In addition, Appellant contends that Appellee's position would produce an illogical result for the further reason that, on one prior occasion, its insurance carrier retroactively paid benefits due to Appellant under 19 Del.C. § 2334 as originally enacted.

Finally, Appellant argues that its interpretation of 19 Del.C. § 2334 is consistent with Supreme Court cases holding that the statute's purpose was to remedy the effects of an inflationary economy on a totally disabled worker. A&P Stores v. Hannigan, Del. Supr., 367 A.2d 641 [*7] (1976); Price v. All American Eng'g Co., Del. Supr., 320 A.2d 336 (1974).

Appellee, on the other hand, asks this Court to affirm the Board's interpretation of 19 Del.C. § 2334. In particular, Appellee contends that the Board did not err in its consideration of legislative intent, because it correctly and initially determined that the matter before it warranted prospective application of the legislation, unless the legislature clearly indicated otherwise.

Furthermore, contrary to what Appellant suggests, Appellee argues that the Board did find the statute clear and unambiguous and that its consideration of legislative intent represented an "assuming, arguendo" approach to Appellant's argument regarding the retroactive application of the statute. It also contends that the absurd, albeit generous, results deriving from retroactive application of the statute, if intended, would have warranted some discussion on the legislative floor, which is no-

ticeably absent from the legislative history. n2 In addition, Appellee insists that no burden of proof need be met by any party in cases involving statutory construction.

> n2 The absurd results to which Appellee refers are payments which exceed the maximum amount of benefits then in effect that claimants could receive; retroactive application of a present amendment, the problems of which could have been addressed during the previous 25 years if the legislature were so inclined; payments to claimants not totally disabled on the entitlement date; and large lump sum payments to each claimant entitled to benefits under 19 Del.C. §  2334.

 **[*8]**

Appellee also argues that the Board did not commit error by holding that 19 Del.C. §  2334 applies prospectively. It contends that the May 27, 1971 date only reflects the effective date of the statute and defines the class of workers eligible for benefits under the statute. Instead, Appellee contends that July 10, 1995, the date the Governor signed the bill, represents the date on which Appellant became entitled to receive the monetary benefit adjustment.

Appellee also takes issue with Appellant's characterization of Supreme Court cases interpreting 19 Del.C. §  2334.  A&P Stores v. Hannigan, Del. Supr., 367 A.2d 641 (1976); Price v. All American Eng'g Co., Del. Supr., 320 A.2d 336 (1974). It contends that the cases actually support its position that the May 27, 1971 date merely defines in the broadest way possible the class of workers eligible for the benefits provided by that section.

DISCUSSION

As stated previously, this Court must determine whether 19 Del.C. §  2334 applies retroactively or prospectively. To bring this Court to a resolution of this issue, it is necessary to review several rules of statutory construction. The Court must first determine **[*9]** whether or not the statute is clear and unambiguous on its face. Sutherland Stat. Const. §  46.04 (5th Ed.) ("courts are bound to give effect to the literal meaning without consulting other indicia of intent or meaning when the meaning of the statutory text itself is 'plain' or 'clear and unambiguous.' This rule makes it necessary to determine whether a statute has a plain meaning or is ambiguous in order to know whether other indicia of intent or meaning should be considered"). If it is clear and unambiguous, it must give to the statute its plain meaning. Coastal Barge Corp. v. Coastal Zone Indus. Control Bd., Del. Supr., 492 A.2d 1242, 1246 (1985); Balma v. Tidewater Oil Co., Del. Supr., 59 Del. 109, 214 A.2d 560, 562 (1965). However, if the statute is ambiguous, then the Court may look to legislative intent to aid it in its construction of the statute.  Chrysler v. State, Del. Supr., 457 A.2d 345, 351 (1983); A&P Stores v. Hannigan, Del. Supr., 367 A.2d 641, 643 (1976).

Also important to this case are the rules involving retroactive application of statutory provisions. Courts disfavor retroactive application of legislation unless it is unmistakable on the face of **[*10]** the statute that the legislature intended such an application.  Price v. All American Eng'g Co., Del. Super., 320 A.2d 336, 341 (1974); In re Surcharge Classification 0133 by the Delaware Compensation Rating Bureau, Inc., Del. Super., 655 A.2d 295, 303 (1994), aff'd, Del. Supr., 655 A.2d 309 (1995). Consequently, the Court will not infer an intention to make an act retroactive. Chrysler Corp. v. State, supra; Distefano v. Lamborn, Del. Super., 46 Del. 195, 81 A.2d 675, 678 (1951). Therefore, "if it is doubtful whether the statute or amendment was intended to operate retrospec-

tively, the doubt should be resolved against such operation." Distefano v. Lamborn, Del. Super., 46 Del. 207, 83 A.2d 300, 301 (1951); Whaley v. Allstate Ins. Co., D. Del., 595 F. Supp. 1023, 1027 (1984).

This Court concludes that the statute is unambiguous. n3 This Court agrees with Appellee's contention that 19 Del.C. § 2334(a) merely defines the class of individuals to whom benefits must be paid, while the dates found in subsections (b) and (c) merely define the amounts to which such eligible claimants are entitled. To interpret the statute as Appellant suggests, in this Court's view, **[*11]** "would require an unwarranted stretching of the language of the statute." Balma, 214 A.2d at 562. The Court will not accept Appellant's implicit invitation to do so.

> n3 The Court acknowledges Appellant's argument that the Board appears to have erroneously considered legislative intent before declaring the statute ambiguous. The Court's review of the Board's decision, however, reveals that the Board omitted any discussion regarding the statute's ambiguity. Instead, it based its holding solely upon the rules governing retroactive application of legislation, which the Court discusses below. The Board's omission, however, is not fatal to its decision for two reasons: (1) the Court reviews errors of law de novo and, hence, it can correct such errors upon review; and (2) the Board properly considered the law regarding retroactive application of statutory provisions. Based on the foregoing, the Court will not reverse the Board's decision for the reasons advocated here by Appellant.

In addition, my review **[*12]** of the statute reveals no specific intent on its face to require retroactive application of its provisions. Price v. All American Eng'g Co., supra. As the Supreme Court noted in a footnote in its Price decision, the lower court correctly found that the legislature clearly intended to make the benefits awarded under 19 Del.C. § 2334 payable to a retrospective class of workers. Price, 320 A.2d at 341, n.6. This language in the footnote is important in that the Supreme Court determined not that the benefits themselves were payable retroactively, but that they were clearly payable to a retrospective class of workers. n4 Thus, this Court concludes that it is clear on the face of the statute that the legislature did not intend the provisions of 19 Del.C. § 2334 to apply retroactively. n5

> n4 This language also negates Appellant's contention that the legislature intended for the benefits to themselves to be paid retroactively. This is especially clear in light of the Supreme Court's characterization of 19 Del.C. § 2334 as "status-oriented," suggesting that the status of the workers on May 27, 1971 determines to whom benefits must be paid. Price, supra at 339.

**[*13]**

> n5 Even if the Court were to find that the legislation was unclear regarding retroactive application, it must nevertheless resolve such doubt, if it existed, against such application. Distefano, supra.

Even assuming that the Board improperly considered additional material other than the statute itself to support its conclusion that the legislature did not intend the statute to apply retroactively, Appellant still loses. While such consideration is inappropriate absent ambiguity under current case law, it does not demand reversal since the Board in the first instance determined that the statute expressed no clear intention to apply the provisions retroactively. Thereafter, the Board discussed legislative intent. In any event, to reverse the Board's decision on such grounds would unnecessarily waste administrative resources, because the Board reached the correct result. Goicuria v. Kauffman's Furniture, 1997 Del. Super. LEXIS 536, *6, Del. Super., C.A. No. 97A-03-005, Terry, J. (Oct. 30, 1997), aff'd, Del. Supr., 706 A.2d 26, 1998 Del. LEXIS 45 (1998) (ORDER). Therefore, assuming, arguendo, some ambiguity **[*14]** or confusion in the statute as may be reflected in the parties' arguments, I find legislative intent to award an inflationary increase effective July 1995. To conclude otherwise would result in awarding Appellant, and other persons similarly situated, a retroactive lump sum payment of approximately $ 63,000 AND the increase in his present monthly benefit to the maximum benefit allowed under the July 1995 amendment. This Court will avoid such an unreasonable result, Sutherland Stat. Const. § 73.02 (5th Ed.), since there is nothing to support any position other than the legislature's desire to increase payments prospectively due to inflationary erosion.

As the remaining issues are not necessary to address in light of the aforementioned, I shall not consider them.

Based on the foregoing, the Board's decision is AFFIRMED.

IT IS SO ORDERED.

T. Henley Graves