# EXHIBIT E

Case 1:05-cv-00690-MPT    Document 26-6    Filed 02/15/2006    Page 1 of 8



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ANEATRA CHERKAOUI, | ) |
| | ) C.A. No. 04C-09-241 FSS |
| Plaintiff, | ) |
| | ) JURY TRIAL OF TWELVE (12) |
| v. | ) DEMANDED |
| | ) |
| ING BANK, FSB. | ) ARBITRATION |
| dba ING DIRECT, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF MOTION

TO:  Carol Evon Taylor Esquire
Law Offices of Carol Taylor
3 Mill Road, Suite 303
Wilmington, DE 19806-2164

PLEASE TAKE NOTICE that the attached Motion To Dismiss Or For Judgment On the Pleadings will be presented before the Honorable Fred S. Silverman on Tuesday, June 21 at 8:30 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

SHELDON N. SANDLER, ID # 245
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6673
Attorneys for Defendant

DATED: May 18, 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ANEATRA CHERKAOUI, | ) |
| | ) C.A. No. 04C-09-241 FSS |
| Plaintiff, | ) |
| | ) JURY TRIAL OF TWELVE (12) |
| v. | ) DEMANDED |
| | ) |
| ING BANK, FSB. | ) ARBITRATION |
| dba ING DIRECT, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS

1. Plaintiff's Complaint alleges that she made an internal report of sexual harassment in April 2002 and after the person about whom she had complained was terminated, she was terminated by Defendant on or about June 11, 2002 for an allegedly independent reason. Complaint ¶¶ 4 and 5.

2. Plaintiff filed a Charge of Discrimination on June 14, 2002 and on or about July 1, 2004, Plaintiff received a Notice of Right To Sue from the Equal Employment Opportunity Commission. Plaintiff alleged that as a result of having received the said Right To Sue Notice on or about July 1, 2004, "the administrative process is completed." Complaint ¶ 7.

3. On September 29, 2004, Plaintiff filed the captioned action, based exclusively on 19 Del. C. § 710, et seq., the Delaware Discrimination in Employment Act ("The Act"). Complaint ¶ 2.

4. Effective September 10, 2004, the Act was amended to, for the first time, provide persons who had filed charges of discrimination pursuant to the Act with a cause of action in this Court. The Act also greatly expanded the damages available to a successful

plaintiff to include punitive as well as compensatory damages and attorney's fees, paralleling the damages available under the analogous federal law. 19 Del. C. § 715(a). As explained in the synopsis to the amended Act, "This bill eliminates the Equal Employment Review Board, and creates a corresponding Delaware Right to Sue in Superior Court after exhausting administrative remedies…" Before the effective date of the amendment to the Act, a charging party had no right to file a lawsuit; the process under the Act was exclusively administrative in nature and ended with the said Review Board.

5. Nothing in the amendments to the Act clearly and unambiguously demonstrates that the Delaware General Assembly intended for the Act to apply retroactively.

6. As this Court has pointed out,

> "It is well settled law in Delaware that 'absent a clear legislative intent, Delaware courts will not infer an intention to make an act retroactive.' *Wilson v. Triangle Oil Co.*, Del. Super., 566 A.2d 1016, 1018 (1989). See also *Chrysler Corp. v. State*, Del. Supr., 457 A.2d 345, 351 (1982)('It is a time-honored principle that this Court 'will not infer an intention to make an act retrospective,' and that 'to give an act a retrospective operation would be contrary to well settled principles of law applicable to the construction of statutes unless it be plainly and unmistakably so provided by the statute.')(internal quotation marks omitted)); and *Comer v. Getty Oil Co.*, Del. Super., 438 A.2d 1239, 1242 (1981)('it is generally recognized that a statute will not be given retroactive application which affects substantive rights, at least in the absence of language showing a clear legislative intent to give retroactive effect.')"

*Marcucilli v. Boardwalk Builders, Inc.*, 1999 Del. Super. LEXIS 597, *14-*15 (Dec. 22, 1999). See also, *Bundy v. Corrado Brothers*, 1998 Del. Super LEXIS 184 (March 25, 1998)("It is a general rule of statutory interpretation that legislation is to be accorded prospective effect unless the General Assembly makes its intention clear to give it retroactive effect. Here, there is no such clear intention").

7. Most analogous to the instant action is *Mondzelewski v. Pathmark Stores, Inc.*, 2000 U.S. Dist. LEXIS 6956, *57-*58 (D. Del. 2000), a case involving the retaliation amendment to the Delaware Worker's Compensation Act. Judge Schwartz pointed out that, as in our case, where the allegedly retaliatory conduct took place over two years before the passage of the amendment, all of the allegedly retaliatory acts had occurred before the effective date of the amendment to the Worker's Compensation Act and as a result, the plaintiff "cannot claim relief under this section." The court observed that "Delaware courts have recognized the general principle that statutes will not be retroactively applied unless there is a clear legislative intent to do so." (citations omitted).

8. The amended Act contains no clear declaration of retroactivity. Section 714(a) of the amended Act allows an aggrieved party to sue in Superior Court: "[A] Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right To Sue Notice acknowledging the same." Nothing in the language of Section 714(a) states or even implies that the General Assembly intended for the statute to be applied retroactively to fact situations that had already arisen at the time the amendment was enacted. Moreover, Section 718(c) of the amended Act provides additional support for the view that retroactive application was not intended. That Section states: "This subchapter does not affect any cause of action or the remedy provided therefor if such cause of action accrued and suit was instituted thereon prior to September 10, 2004." Thus, that Section was intended to preclude a party from adding new claims in reliance on the amended Act to lawsuits based on other causes of action that were pending at the time of the Act's enactment.

9. Since all of the facts relied upon by the Plaintiff in her Complaint, as well as all administrative proceedings under the Act as it then existed, had occurred prior to the

3

enactment of the amendment to the Act, this case should be dismissed or alternatively, judgment on the pleadings should be granted.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
SHELDON N. SANDLER, ID # 245
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6673
Attorneys for Defendant

DATED: May 18, 2005

4

WP3:1112995.1                                                                 057159.1004

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ANEATRA CHERKAOUI, ) | |
| ) | C.A. No. 04C-09-241 FSS |
| Plaintiff, ) | |
| ) | JURY TRIAL OF TWELVE (12) |
| v. ) | DEMANDED |
| ) | |
| ING BANK, FSB. ) | ARBITRATION |
| dba ING DIRECT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

NOW, THEREFORE, having considered the arguments concerning the above captioned Defendant's [Unopposed] Motion to Dismiss Or For Judgment On The Pleadings,

IT IS HEREBY ORDERED that the motion is GRANTED and that the case is dismissed with prejudice.

SO ORDERED THIS 29th day of July, 2005

_____
The Honorable Fred S. Silverman

9:10 a.m.

FILED PROTHONOTARY 2005 JUL 29 AM 9:20

## CERTIFICATE OF SERVICE

I, Sheldon N. Sandler, Esquire, hereby certify that on this 18th day of May, 2005, I caused two copies of the foregoing **Notice of Motion, Motion To Dismiss Or For Judgment On The Pleadings and Order** to be served by United Stated First Class Mail upon the following counsel of record:

Carol Evon Taylor, Esquire
Law Offices of Carol Taylor
3 Mill Road, Suite 303
Wilmington, DE 19806

_____
SHELDON N. SANDLER